Good afternoon, Samuel Shafer v. Attorney General. My name is Dennis Mulligan. I represent the petitioner, Samuel Shafer, and I would like to request five minutes of time for rebuttal. We seem to be having a lot of people requesting five minutes of rebuttal, and what that means is you usually go over in your argument and, therefore, get more total time. But we'll give you the five minutes. We might hold you to the original time. Okay. It's not my intention to exceed my time, Your Honor. The government in this case has failed to meet its heavy burden of proof by clear and convincing evidence that the petitioner was convicted of an aggravated felony and that his crime, his conviction for indecent assault meets the definition of sexual abuse of a minor from the Immigration and Nationality Act. The principal piece of evidence that the government has used in this case is the judgment of conviction, which is on page 208 of the administrative record. The conviction for the plea of guilty to indecent assault under Pennsylvania's 18 Pennsylvania statutes, section 3126. Without the A8 following it. Without any specification as to a subsection of that statute. That's correct, Your Honor. Now, the charging document charged A8, and under our case law, it would seem in both Stubbs and Garcia, we have said under the modified categorical approach, you can look at the charging document in aid of the determination. Can we not? You may. That is correct, Your Honor. You may examine, you may look at, you may consider the charging document. I would argue that in this case, the charging document would specify the section. First, obviously, later came the plea, which is totally general, which specifies no subsection of the statute. And that under the precedent of the Supreme Court in the Shepard case, and under this court's precedent, and I would point especially to the Valencia case, it is necessary to examine the entire context of the plea. Am I reading Stubbs and Garcia incorrectly? No, Your Honor. You're not reading them incorrectly if they are read to say that of the documents that may be considered, certainly the charging document is an important document that may be considered. In this case, which I think separates it and distinguishes it from the other cases that this Court has decided, the charging document is specific as to the subsection of this divisible statute, and yet the judgment of conviction specifies no subsection and is general. It simply says he's convicted under 3126, Pennsylvania Statute 3126. But then we're looking at the charging document in order to determine what he did plead to, and that can be used to inform our determination under Stubbs and Garcia. It may be used. Where am I going wrong? Excuse me, Your Honor. I said, where am I going wrong in that? I would argue that in this case, in the facts of this case, the government has failed to meet its burden in this way. The charging document specified a subsection. The conviction itself, the judgment of conviction, is general. The government's burden, which was to meet by clear and convincing evidence that this is an aggravated felony, was to show the context of the plea. Something obviously happened in this case between the charging document, the information, which in this case, by the way, is totally generic. It doesn't really refer to any specific facts of what happened here. It just tracks the language of the statute in a very canned, generic way. So between the moment of the issuance of the charging document, the information, and the actual plea, which took place in court that day, something transpired. Now, we don't know what transpired because the government has not provided any evidence of the context of the plea. For instance, in Valencia, the court examined the plea colloquy. And in Shepard and other precedents of this court, but in particular in the Shepard case, the Supreme Court has instructed that in order to understand exactly what the conviction was for, which subsection it was for, an examination of the context of the plea is necessary. I would argue that in this case, that would have required the government to produce the transcript of the plea colloquy to explain or some other comparable evidence of the facts, the underlying facts, the predicate facts of the conviction, as the Supreme Court has stated in the Shepard case. But isn't that getting us into those areas where we've been told not to go under the modified categorical approach or the categorical approach, that when we have documents that set out what is the offense involved, we look at those. And here we have two documents consistent with each other, and the charging document clarifies what subsection the plea was to. I would argue, and I respect your honor, that it doesn't clarify what the charging document stated. But in fact, it removes the specificity that. The charging document clarifies the plea. But the plea came later, and the plea is to the general divisible statute, which has eight subsections, as you know. Sure, but there is no such thing as a general divisible. It had to be under one of the subsections, correct? Yes, Your Honor, but the government's burden in the case is to establish the predicate facts to show that the elements of the conviction, the conviction itself, that the elements of the conviction match to the elements in the aggravated felony definition. And I would argue that without some explanation of the context of the plea, as the Shepard case instructs us we must look at, there is no evidence in this case. May I ask about count three? Certainly. It kind of bothered me. We have the order of the court, March 9th, 2004, that as to count one, the sentence was to three years' probation. And then as to other counts, count three, no further penalty. Can I read that fairly as saying that indeed he pleaded guilty to counts one and three? He pleaded guilty to counts one and three, yes, Your Honor. Do we have context to at least get us beyond where we're arguing now in the language of count three? I would argue that we do not, Your Honor, because what's important to look at are the specific elements of the statute under which this petitioner was convicted and the specific elements of the definition of the aggravated felony, in this case sexual abuse of a minor from the Immigration Act. And the elements in the two statutes under the modified categorical approach must be compared. And we don't know because the conviction at the judgment that the government is relying upon in this matter to establish that this petitioner is removable from the United States is the conviction, which is the first count for sexual abuse of a minor. And we don't know from the conviction in this case under the general statute that he was convicted under one of the subsections that would constitute the elements or that would include the elements of sexual abuse of a minor from the Immigration Act. And I would point the Court to the language of the Shepard case in which the Court said that in pleaded cases, we must look to the statement of the factual basis for the charge shown by a transcript of the plea colloquy or by a written plea agreement of which there was none in this case, presented to the Court or by a record of comparable findings of fact adopted by the defendant in entering the plea, in entering the plea. If we take you at your word, that would mean that without a contemporaneous record of the moment that the defendant entered the plea, there could never be any aggravated felony finding ever because of some defect in the record. I don't think it looks like that. Your Honor, but there always would be a contemporaneous record because under the rules of the Pennsylvania Criminal Courts as the... But you're saying if we don't have it, it's over. Well, I'm saying in this case, in the facts of this case where we have the charging document which specifies a particular subsection and then the conviction record which is silent as to the subsection, we're missing a piece of evidence and the government has not met its very high burden of proving by clear and convincing evidence that this is an aggravated felony. In other cases, the facts might obviously be different and there wouldn't be this gap of evidence. I'm arguing that in this particular case, there is a gap of evidence. Well, there is a case that's helpful to you in the Ninth Circuit, the one that I guess was supplied by your colleague there, the Anaya Ortiz where it says the record of conviction has to have incorporated the plea. Absolutely. But let me just read from Shepard. We hold that inquiry under the ACCA to determine whether a plea of guilty to burglary defined by a non-generic statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual base for the plea was confirmed by the defendant, comma, or some comparable judicial record of this information. It's in the disjunctive. Doesn't that say we have either or here? And one of the specific things they said was the charging document? Your Honor, I believe that the case says that the charging document may be considered. I have no argument with the fact that it may be considered and it has been considered. I would argue that in this case, the facts are not there to establish. I just get back to where I was, that Stubbs and Garcia, the only thing that we had to help out was the charging document and we relied on that. This is quoting from Stubbs. Accordingly, the BIA's examination of the charging instrument was appropriate and it correctly concluded that Stubbs was convicted under the prong of the statute that prohibits engaging in sexual conduct, which would impair or debauch the morals of the child. So my fear is that Stubbs and Garcia provide precedent that I think you make a very valid point because who knows what somebody pleads to. They're charged with X and they plead to Y and maybe you're just not sure. Maybe you want something more to make sure they didn't plead down to a different offense. Although in this situation, it seems different because you have the statement in the charging document that talks about the minor and specifically alleges the things that are in A8. And we have no contention by anyone that there was any other charge that might arguably apply here, not that it's your burden to do so. Why don't you just respond to that and then we'll hear from you in rebuttal. I would respond in this way. That the charging document can be examined and considered is without question correct. That in the context of this case in which we go from a more specific charge of A8 to a totally general record of conviction, the government has not met its burden of proof because it has not established the predicate facts in the record of conviction as it must that the elements of the statute meet the elements of an aggravated felony of sexual abuse of a minor. And that I would point certainly the court's direction and attention to the Valencia case in this court in which a thorough examination of the context of the plea was undertaken. And after that examination, the court determined that it was not established. The intent to defraud in that particular case was not established and therefore it was not an aggravated felony. Here's a question you can answer when you come back on rebuttal. Why would we ever look at the charging document unless it was more specific than the plea? The offense plea to not question. You can talk about that on rebuttal, but I think your opponent needs to get up and talk. Yes, ma'am. Thank you. Good afternoon, Your Honors. My name is Kevin Conway and I represent the United States in this matter before the court. And I'm perfectly happy to let the three of you continue to speak with my brother counsel without my interference. We have some questions for you, too. Certainly. And I understand from the questions that have been posed already that obviously the crux of the issue before the court is whether or not what the Board of Immigration did when they went and looked at, or the immigration judge as well, when they went and looked at the other documents in this case in order to find, because it is a divisible statute that is before us. It is not ruled by the Taylor case so much as it is ruled by the modified categorical approach. And in this case, we have the three documents that the court has already been speaking about. All three documents are consistent in their approach or in what they're saying. Which three are we talking about? Well, they're not names, so I would go by the charging document. We have the charging document. It says A8. Then we have the one piece of paper at the end that has written in it, just without A8, the section. What's the third paper? The third is where it talks about what I guess is the record of sentencing, the sentencing record, which was at 214 in the administrative record, which lists at the top. It says, ostensibly, count one, IA, right next to it, and count three, EWOC. So all three of those tend to be consistent with one another. And because this is a divisible statute, the court was allowed to go beyond, look beyond just the statutory language and look at these cases. But why is the charging document necessarily proof of what you pled guilty to? I mean, very often someone's charged with something, and they plead to something a little different, maybe pled guilty to the general statute without agreeing that he was guilty under A8, for whatever reason, perhaps the very reason that's before us. Why is it necessarily probative of what he actually pled to? Because there was no indication that he pled to anything else, because these documents are consistent with one another, I believe that's the reason that the court was able to come to that conclusion, was that there was no indication that he pled to any of the subsections. But you have to prove that he pled to something. You have to prove that he pled to A8. It's not up to, I mean, you say no indication he pled to something else. Well, okay, but that doesn't prove that he pled to A8, does it? No, it doesn't, Your Honor. But the statute has an and at the end of the first paragraph, and wouldn't then he have to follow the and and pick one of the eight disjunctive subparagraphs to fill out the full plea? Isn't that your answer to Judge Rendell's question? Yes, I don't think as a general he could have pled to 3126 on its own. He would have had to plead to, I'm sorry, 2136 on its own. He would have had to have pled to one of the subcategories, and the only subcategory that we have listed that was charged was A8. You get there by process of backward elimination. And let me ask you a question under the Mahoub case, where recently we determined that A8 was the least culpable conduct for purposes of an analysis under crime involving moral turpitude. Does that have any bearing on the aggravated felony determination, or do we really have to find A8 as fitting within a definition of aggravated felony separate and apart from whether it's the least culpable? I don't think the fact that it may have been deemed to be the least culpable in another instance, that it makes it any less an aggravated felony in this instance. I think because the actions that were taken by the individual do meet the elements of an indecent assault, and an indecent assault under the INA is an aggravated felony or can be sexual abuse of a minor, can be an aggravated felony under the INA, then the fact that it might have been deemed to be least culpable in some other context is not necessarily, will necessarily rule the case here. You did not address the second issue that was raised by the appellant here, whether the Board of Immigration Appeals erred in concluding that the Pennsylvania conviction for indecent assault qualified as an aggravated felony. Now, I looked at the record. It seems to me that that was waived, that issue was waived. Is that your position as well, or was there some reason? Yes, I think that was actually in a footnote. I'm not the briefing attorney, but I believe there's a footnote in the brief, which addresses that saying that it wasn't raised by the appellant. Yes, okay, thanks so much. Stubbs and Garcia, I guess I could imagine what you would say if I wondered aloud whether they were controlling here. I believe that the Stubbs case is controlling here because of the fact that it does mention by the two instances in which this court would go beyond the approach in Taylor and use the modified categorical approach. In fact, I think it cites the Phelancy case actually as well, but it says the two places where the categorical approach is inappropriate when the disjunctive phrasing of the statute of conviction invites inquiry into the specifics. And where some variations of the crime of conviction meet the aggravated felony requisites and others do not, then you have to look beyond the statutory language to be able to find out what it was that he actually pled guilty to or what it was. And that is where we draw the board review. I should say the immigration judge originally reviewed the information, the criminal information, and found that to be what the individual pled guilty to. If there are no other questions from the court, then I will stand on the brief. Thank you very much, Your Honor. Thank you. I should proceed, Your Honor. To answer your question, Judge Roth, I would argue that the documents, and to respond to counsel for the government, I would argue that the documents, the three documents that he referred to, are not at all consistent and that, in fact, there is a huge difference between the charging document in this case, which specifies the particular subsection, and the judgment of conviction, which does not. And there may be several, there may be different reasons or some reason why that change occurred. But why would you want to look at the charging document unless it was more specific than the judgment if you're trying under the modified categorical approach to determine exactly what the plea was to? The cases say that that's one of the documents that may be considered in this case. Okay. And it would be considered, wouldn't it, because it's more specific than the plea? It can be considered. It can be examined. But I would argue that in the context of the plea and the absence of any proof of the government. Why would you want to look at it unless it was more specific? Well, Your Honor, the government has put that forward as its only piece of evidence that the statute that the petitioner was convicted of would constitute the elements of an aggravated felony. They want to look at it because that's the only piece of evidence that they have that this particular conviction could possibly constitute an aggravated felony. We argue that while it may be examined, it may be looked at. If you consider the sequence of events in this case in which the more specific charging document was then followed by the much more general record of conviction, that the case fails for lack of proof, that there is no clear and convincing evidence that the elements of a crime of an aggravated felony, of sexual abuse of a minor, have been met by the government in this case. But if he was charged with A8 and then went and pled, you were saying that he would then have pled to a different crime of which he wasn't charged. Your Honor, it's not, as you indicated a moment ago, I believe, it is not our burden to state under which subsection he was charged. That's the government's burden by clear and convincing evidence. Well, clear and convincing evidence, you can also say that's the only crime that we have that fits within the charge. It wasn't like he was charged with four different things and we need to figure out. He was charged with one and he wasn't charged with any of the others. So to say that he pled to the others when he wasn't charged with them is also, I think, something you take into account when you decide whether the evidence is convincing and is clear. And you can't plead to Section 3126, just the first paragraph, unless adding in one of the eight. Because of the language of the paragraph, offense defined says a person is guilty, blah, blah, blah, and then you have to pick either one through eight. Because you have to give fair notice of the charge. All of those statements are true and I have no argument with anything that you have said. Counsel, if you can't go in any other direction, how is this not the only evidence that you need? What other direction can you go? I'm not sure I follow you, Your Honor. You have a very specific reference to eight. You have the language of count one. You have the kind of supportive language in count three. And then you have the plea, but it only fits eight. What kind of proof do we need more than this? The cases in particular. That wouldn't be obvious because of this. At the time of the taking of this plea, there was a colloquy of the judge. There was a transcript from that. The government's burden when they seek to remove a lawful permanent resident of the United States and exile him probably permanently from his parents and his family is to establish by competent proof that the statute under which he was convicted is an aggravated felony. They could have gone and gotten the transcript of the plea colloquy. To answer your point earlier, Judge, on this very matter, I believe that is what Shepard calls for. Some competent proof. What the government is asking us to do and what the government has done in this case is to say that an assumption can be made. So you're saying with consequences this profound, we shouldn't have to be squinting and seeing if the jigsaw puzzles fit? I am saying exactly that. We shouldn't have to assume the government has a burden of proof which it has not met in this case. And although it would take a bit more work certainly to go get the transcript of the plea colloquy, it could have done so, and it did not. It did not. And it rested, I would argue, on evidence which is too thin to substantiate this as an aggravated felony. And if I may, Your Honor, my time is up. But I would argue also, as we did in the brief, that even assuming the arguendo that AA has been established in this case,  The BIA specifically said you did not raise that before. I would argue, Your Honor, that the attack that was made below would encompass and was sufficient to put them on notice that that was included and that that should be considered by the court. We'll look at that. Thank you very much. Thank you very much. Thank you, counsel. We'll take the matter under advisement.